IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CR-041-H |
| MODESTUS EJIKEME OKERE | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

On June 29, 2006, the court held a hearing on defendant's motion for release on bond and the government's third motion to revoke conditions of pretrial release. At issue is whether the court should modify the amended pretrial release order entered on April 19, 2006, which requires defendant to surrender Nigerian Passport #A 2150814 as a condition of his release, and if so, whether the release order should be revoked for other violations. Defendant appeared at the hearing in person and through his court-appointed attorney, Michael R. Snipes. Assistant U.S. Attorney David L. Jarvis appeared for the government.

After hearing the evidence, including the testimony of defendant, Special Agent William Gillespie, and Pretrial Services Officer Louie Rodriguez, and considering the arguments of counsel, the court finds that the government has failed to prove that Nigerian Passport #A 2150814 was issued to defendant. Although there is some evidence that the passport was used as identification in some 25 wire transfers to an "Ejike Okere" in Nigeria, the court is not convinced that the "Ejike Okere" listed as payee on the transfers is, in fact, the defendant. Without stronger evidence that Passport #A 2150814 was issued to defendant by the Nigerian government, the court accepts defendant's representation, made under oath, that the passport was not issued to him and is not in his possession.

While this finding supports a modification of the amended pretrial release order, the government has proved by clear and convincing evidence that defendant violated other conditions his release. In particular, defendant was ordered to surrender all passports, expired and unexpired, whether issued by the United States or Nigeria, to the U.S. District Clerk. Five passports were surrendered within two weeks of the detention hearing held on February 17, 2006. However, defendant did not surrender Nigerian Passport #A 1571360 until May 2, 2006. No explanation has been offered for this 10-week delay. In addition, defendant failed to contact pretrial services following his release from custody on an unrelated state charge, violated the curfew requirements of the pretrial release order, and failed to cooperate with the installation of electronic monitoring equipment. In light of the nature of these violations, the court finds it unlikely that defendant will abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148(b)(1)(B) & (2)(B).

Accordingly, it is ORDERED that:

1. The government's third motion to revoke conditions of pretrial release [Doc. #79] is granted. Defendant's motion for release on bond [Doc. #72] is denied as moot.

2. The Order Setting Conditions of Release dated February 17, 2006 and the Amended Order Setting Conditions of Release dated April 19, 2006 are hereby revoked. Defendant shall be detained without bond pending the disposition of this case or until further order of the court.

3. Defendant is hereby committed to the custody of the Attorney General for confinement in an appropriate corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The United States Marshal shall produce the defendant in court as directed.

   4. Defendant shall be afforded a reasonable opportunity to consult in private with his attorney.

   5. Defendant shall next appear in court for rearraignment on **July 6, 2006** at **9:30 a.m.** before Judge Barefoot Sanders, 1100 Commerce Street, 15th Floor, Dallas, Texas.

  DATED: June 29, 2006.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE